# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANDRE NEELY  v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27142   Joseph B. Dailey, Judge**

---

**No. W2006-00601-CCA-R3-PC  - Filed February 16, 2007**

---

The Petitioner, Andre Neely, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  After a review of the pleadings, the lower court's order and the applicable law, this Court concludes that the lower court properly determined that the Petitioner's claims were waived and properly dismissed the petition. Accordingly, we affirm the court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Brett B. Stein, Memphis, Tennessee, for the Appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

A Shelby County jury convicted the Petitioner of one count of second degree murder and two counts of attempted second degree murder.  For these offenses, the trial court imposed an effective sentence of twenty years confinement in the Tennessee Department of Correction.  On direct appeal to this Court, the Petitioner challenged his convictions on the basis that (1) he was denied an opportunity to review the preliminary hearing tape and (2) the trial court refused to admit certain

1

testimony to cure this deficiency. After review, this Court found that neither claim warranted relief and affirmed the Petitioner's convictions and sentences. *See State v. Andre Neely*, No. W2000-01690-CCA-R3-CD (Tenn. Crim. App., at Jackson, Apr. 26, 2002).

On February 27, 2003, the Petitioner filed, pro se, a petition for post-conviction relief. The post-conviction court appointed counsel on March 10, 2003. Substitute counsel was appointed on August 5, 2004. An amended petition for post-conviction relief was filed on November 9, 2004. The amended petition raised the grounds that the Petitioner's due process rights were violated in that the trial court failed to instruct the jury that an adverse inference could be drawn against the State if the State has inadvertently, negligently, or intentionally destroyed critical evidence; the trial court failed to instruct the jury as to the law concerning missing witnesses; the trial court failed to properly instruct the jury as to how the jury should receive and weigh the testimony of the person who has been declared a hostile witness; the trial court failed to instruct the jury as to criminal responsibility; the trial court failed to allow the Petitioner's investigator to impeach one of the State's main witness as to a prior inconsistent statement; and the sentence imposed by the trial court violated *Blakely v. Washington*.

On March 16, 2006, the post-conviction court denied relief. In its order, the lower court made the following findings of fact and conclusions of law:

> With regard to the alleged *Blakely* violation, the Tennessee Supreme Court has clearly stated that the *Blakely* case is not to be applied retroactively and therefore that issue is without merit. With regard to the remaining issues that relate to jury instructions, after a complete and thorough review of the record and the arguments presented by this petitioner and his counsel, it is this Court's opinion that all of those concerns relating to appropriate jury instructions should have been raised, if at all, by trial counsel and/or appellate counsel and if they were not previously litigated then they have now been waived. Additionally, in the case of at least several of the above-mentioned jury instructions there may well have been sound tactical reasons from a defense standpoint for not having requested them at trial which should not now be second guessed. It is this Court's opinion that none of the matters raised by this petitioner rise to the level of a due process violation necessitating the granting of a new trial.

This appeal followed. The only grounds presented for this Court's review by the Petitioner are "Whether or not the Appellant's constitutional rights as set forth in the due process clause . . . were violated . . .[by] [t]he failure of the [t]rial [j]udge to instruct the jury as to how it should receive and weigh the testimony of a person who has been declared to be a hostile witness based upon prior inconsistent statements [and] [t]he failure of the [j]udge to instruct the jury as to the law of criminal responsibility."

2

The State has filed a motion seeking affirmance pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that, by failing to raise these claims in prior proceedings, the Petitioner has waived the right to now raise these claims in the post-conviction setting. *See* T.C.A. § 40-30-106(g). The State contends that the lower court properly determined that these issues should have been raised on direct appeal and are now waived. The State asks this Court to affirm the decision of the lower court. Ancillary to this argument, the State further asserts that the Petitioner has waived these claims as he has failed to provide this Court with the trial transcripts and the jury instructions, neither of which were made part of the appellate record. *See* Tenn. R. App. P. 24(b). In response to the State's motion, the Petitioner has filed a "Motion for Leave of Court to Supplement Record Pursuant to T.R.A.P. 24(e)" and "Motion to Remove Transcript." The Petitioner wishes to supplement the record with the jury instructions and that part of the transcript relevant to support his assertions. The Petitioner fails to respond to the State's waiver argument.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. *Id.* § 40-30-110(f). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State,* 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id.* at 457.

Tennessee Code Annotated § 40-30-106(g) contains provisions governing the waiver of post-conviction allegations. According to this statute:

A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

The Petitioner argues that the trial court erred by failing to properly instruct the jury with regard to the weight and credibility to be afforded a hostile witness' testimony and as to the law on criminal responsibility. The Petitioner pursued a direct appeal yet failed to raise these claims which were available. The lower court properly determined that the Petitioner's challenges to the jury

instructions were waived because he failed to raise these issues on direct appeal. *See* T.C.A. § 40-30-106(g).

We conclude that the lower court properly dismissed the petition for post-conviction relief. Moreover, we would emphasize that a petition for post-conviction relief is the authorized avenue for attacking a void or voidable judgment and may not be utilized as a substitute for the direct appeal of the conviction. It is ordered that the State's motion is granted. Accordingly, the Petitioner's motions to supplement the record and to remove the transcript are denied. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE